IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID ROGERS, <br> ALTHEA DEMPS, <br> RUSSELL SPALDING, <br> MARK FRANKLIN <br><br> Plaintiffs, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Case No.: <br><br> COMPLAINT FOR VIOLATION OF CIVIL RIGHTS <br><br><br> **JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This is an action pursuant to the United States Constitution, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., as amended, and the Civil Rights Act of 1866 [42 U.S.C. § 1981]. This court has jurisdiction under and by virtue of 28 U.S.C §§ 1331 and 1343

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff, DAVID ROGERS (hereinafter "ROGERS"), was employed by the Defendant, FORD MOTOR COMPANY, (hereinafter "FORD").

4. At all times herein mentioned, Plaintiff, ALTHEA DEMPS (hereinafter "DEMPS"), was employed by the Defendant, FORD.

5. At all times herein mentioned, Plaintiff, RUSSELL SPALDING (hereinafter "SPALDING"), was employed by the Defendant, FORD.

6. At all times herein mentioned, Plaintiff, MARK FRANKLIN (hereinafter "FRANKLIN"), was employed by the Defendant, FORD.

7. At all times herein mentioned, Defendant, FORD, was and is believed and alleged hereon to be a multinational automaker incorporated and headquartered in Michigan. FORD owns and operates auto plants throughout the Chicagoland area.

8. FORD is an employer subject to suit under Title VII in that Defendant is in an industry affecting commerce and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year.

9. Plaintiffs' attempted to fully comply with the procedural requirements of Title VII. They participated in the filing of a charge with the EEOC as a class (Exhibit A), with Carline Dunlap as the class representative (A copy of the EEOC charge of discrimination is attached hereto as "Exhibit A"). Plaintiffs are class members of the putative class set forth in the EEOC charge

10. Plaintiffs are informed and believe and allege thereon that a right to sue letter has been issued. However, the EEOC has refused to provide plaintiffs with information in connection with the ongoing proceeding despite requesting information. Plaintiffs have not yet personally seen the right to sue letter. Plaintiffs are informed and believe that the EEOC is only communicating with Ms. Dunlap about this matter. Ms. Dunlap has obtained her own attorney.

## FACTS COMMON TO ALL COUNTS

11. Plaintiffs' reincorporate and reallege paragraphs 1-10 as paragraph 11 as if set forth fully.

12. At all relevant times herein mentioned, unless otherwise noted, Plaintiffs ROGERS, DEMPS, SPALDING and FRANKLIN worked at Ford's auto plant located at 12900 S. Torrence Avenue in Chicago, IL.

13. Plaintiffs are African-American persons.

14. Plaintiffs began employment with FORD during or prior to 2008.

15. At all relevant times described herein, Plaintiffs were employed in the Material Handling Department.

16. At all material times, unless otherwise mentioned, Plaintiffs performed their jobs according to their employer's legitimate expectations.

17. Before August 2008 to December 2010, Plaintiffs were subject to different terms and conditions of their employment in connection with the availability of overtime, as compared to similarly situated non-African American employees.

18. As a result, Plaintiffs', along with Carline Dunlap, filed a charge of discrimination with the EEOC in August 2008.

19. Subsequent to the filing of the EEOC charge and in retaliation for engaging in protected activity, Plaintiffs were subjected to a hostile work environment and retaliation by their supervisors as well as fellow non-African American employees. Such harassment and retaliation for filing their claim of race discrimination with the EEOC included, without limitation, hanging a noose at plaintiffs' work station; Plaintiffs' supervisors standing close to Plaintiffs while they worked, staring at themin a

hostile manner thereby intimidating them; similarly situated non-African American employees were treated more favorably or not disciplined at all for infractions for which the plaintiffs were accused; and overloading plaintiffs with work assignments too great for any one individual employee, unlike other non-African American similarly situated employees.

20. This harassment and retaliatory conduct following plaintiffs' charge of discrimination with the EEOC created a hostile work environment for the plaintiffs. FORD failed to correct this conduct despite Plaintiffs' complaints to management.

21. Following Plaintiffs' complaint with the EEOC, Plaintiffs continued to be denied equal opportunity to undertake overtime work.

22. Defendant's purported denials and/or reason for Plaintiffs' lack of overtime opportunity is false and merely pretext for illegal discrimination. The Defendants have treated plaintiffs differently than similarly situated employees who are non-African American, and as a result, have caused injury to the Plaintiffs.

23. As a result of the aforesaid acts of the Defendant, Plaintiffs suffered emotional distress in an amount to be proven at trial. Plaintiffs' claim such damages together with prejudgment interest as permitted by law.

24. As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to proven at the time of trial. Plaintiffs' claim such damages together with prejudgment interest as permitted by law.

25. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard to and indifference to Plaintiffs. Thus,

Plaintiffs' request the assessment of punitive damages and/or liquidated damages against the Defendant in a sum as determined according to law and proof.

## COUNT I:
## ALL PLAINTIFFS AGAINST DEFENDANT FOR RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

26. Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. Plaintiffs are African American persons.

28. Plaintiffs, as citizens of the United States of America, are entitled to all rights, privileges and immunities guaranteed to all citizens of the United States under the Constitution and Laws of the United States

29. As noted above, the Plaintiffs were the subject of discrimination because of their race and color on the part of the Defendant. The Defendant discriminated against each and every Plaintiff intentionally and because of Plaintiffs' color and race. As a result, similarly situated employees who did not share the Plaintiffs race and color were treated more favorably than Plaintiffs.

30. Following these discriminatory actions, the Plaintiffs filed a complaint with the EEOC concerning Defendant's discrimination and, as a result, Plaintiffs were subjected to retaliatory acts by Defendant including a hostile work environment and more stringent terms and conditions of employment such as discipline, and work assignments.

31. The forgoing conduct constitutes discrimination and retaliation for engaging in protected activities and illegal intentional discrimination, all of which is prohibited by the Civil Rights Act of 1871, 42 U.S.C. §1981, as amended, and Plaintiffs

request relief as hereinafter provided, including damages and equitable relief in amounts to be ascertained.

## COUNT II:
### ALL PLAINTIFFS AGAINST DEFENDANT FOR RACE DISCRIMINATION, HOSTILE WORK ENVIRONMENT AND RETALIATION IN VIOLATION OF TITLE VII

32. Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiffs are African-Americans who from before August 2008 to December 2010 were denied equal opportunities of overtime as compared to similarly situated non-African American employees of Defendant.

34. As retaliation for Plaintiffs' complaint regarding race discrimination on the part of the Defendant to the EEOC, Plaintiffs were subjected to a racially harassing environment, as described above.

35. Plaintiffs found the foregoing acts to be offensive, unwelcome and unwanted

36. The foregoing acts were in fact offensive, unwelcome, unwanted and unwarranted

37. The foregoing harassment and hostile work environment unreasonably interfered with Plaintiffs' ability to perform their job and/or created an intimidating, hostile and/or offensive work environment

38. As alleged above the harassment and hostile work environment was in retaliation for Plaintiffs' report of discrimination to the EEOC by participating in the filing of a charge of discrimination.

39. Similarly situated employees who did not engage in protected activity were treated more favorably than Plaintiffs.

40. Defendant's actions, as described above, are in violation of Title VII, as Defendant failed to offer equal opportunities for overtime as offered to similarly situated non-African American employees, Defendant engaged in acts of retaliation because of Plaintiffs' engagement in protected activities and required Plaintiffs to work in a hostile work environment that included harassment for taking part in the above described protected activities.

41. As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's right and sensibilities, Plaintiffs have suffered lost wages, the indignity of discrimination, which has manifested in emotional distress and further has negatively impacted their future ability to support themselves, harmed their earning capacity, disrupted their personal lives and caused lost of enjoyment of the ordinary pleasures of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, DAVID ROGERS, ALTHEA DEMPS, RUSSELL SPALDING AND MARK FRANKLIN, by and through their attorneys, Ed Fox & Associates, requests the following relief on all counts:

A. That Plaintiffs be granted general and compensatory damages in an amount to be determined at trial;

B. That Plaintiffs be granted punitive or liquidated damages in an amount to be determined at trial;

      C.      That the Court grant to Plaintiffs reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

      D.      That the Court grant such other and further relief as the Court may deem just or equitable.

                                        BY:    s/ Edward M. Fox
                                                          Edward M. Fox
                                                          ED FOX & ASSOCIATES
                                                          300 West Adams
                                                          Suite 330
                                                           Chicago, Illinois 60606
                                                           (312) 345-8877
                                                          efox@efox-law.com

### REQUEST FOR TRIAL BY JURY

Plaintiffs and each of them hereby request a trial by jury.

                                                          BY:    s/ Edward M. Fox
                                                          Edward M. Fox
                                                          ED FOX & ASSOCIATES
                                                          300 West Adams
                                                          Suite 330
                                                          Chicago, Illinois 60606
                                                          (312) 345-8877
                                                          efox@efox-law.com

# **<u>Exhibit A</u>**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [ ] FEPA | |
| [X] EEOC | 440-2008-07998 |

**Illinois Department Of Human Rights** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Carline Dunlap | (219) 397-1170 | 01-05-1962 |

Street Address: 3830 S. Hemlock, 2nd Floor, East Chicago, IN 46312

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| FORD MOTOR COMPANY | 500 or More | (773) 646-3100 |

Street Address: 12900 S. Torrence Avenue, Chicago, IL 60633

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-01-2008   Latest: 08-28-2008

[X] CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in April of 1995. My current position is Industrial Lift. Since at least February 1, 2008, I and a class of black employees have been subjected to different terms and conditions with regards to overtime, compensation during breaks and lunch, discipline and promotions.

I believe I and a class of Black employees have been discriminated against because of our race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC
AUG 28 2008
CHICAGO DISTRICT OFC

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: Aug 28, 2008
Charging Party Signature: [signed]

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)