IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID ROGERS, ALTHEA DEMPS, RUSSELL SPALDING, MARK FRANKLIN, and CARLINE DUNLAP, Plaintiffs, | ) ) ) ) ) | Case No. 12 C 7220 |
| v. | ) ) | Judge Joan B. Gottschall |
| FORD MOTOR COMPANY, Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Carline Dunlap, David Rogers, Althea Demps, Russell Spalding, and Mark Franklin contend that their employer, Ford Motor Company, discriminated against them based on their race (African American) and retaliated against them after Dunlap filed an EEOC charge on behalf of herself and "a class of Black employees." (Am. Compl., Ex. 1 (EEOC Charge), Dkt. 27-1.) Ford seeks judgment on the pleadings as to the claims brought by Dunlap and Spalding, arguing that under the doctrine of judicial estoppel, Dunlap and Spalding's failure to disclose administrative proceedings relating to their claims against Ford in their respective bankruptcy cases bars them from proceeding with those claims in federal court. For the following reasons, Ford's motion is denied in its entirety.

**I. LEGAL STANDARD**

The court begins with the legal standard, as this governs whether it is proper to consider all of the materials submitted by the parties in support of or in opposition to the defendants' motion for judgment on the pleadings. In ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), when the movant seeks "to dispose of the case on the basis of the underlying substantive merits . . . . the appropriate standard is that applicable to summary

judgment, except that the court may consider only the contents of the pleadings.'" *Alexander v. City of Chi.*, 994 F.2d 333, 336 (7th Cir. 1993). The pleadings include the complaint, the answer, and any documents attached as exhibits, such as affidavits, letters, and contracts. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998). The court may also take judicial notice of "documents that are critical to the complaint and referred to in it." *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The court should grant a Rule 12(c) motion for judgment on the pleadings only if "no genuine issues of material fact remain to be resolved" and the movant "is entitled to judgment as a matter of law." *Alexander*, 994 F.2d at 336.

## II. BACKGROUND

### A. Dunlap

#### 1. EEOC Charge

Rogers, Demps, Spalding, Franklin, and Dunlap are African-American employees and have worked at Ford since at least 2008. On August 28, 2008, Dunlap filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR") on behalf of herself and "a class of Black employees," asserting race discrimination by Ford. The IDHR dismissed the charge for lack of jurisdiction based on Ford's collective bargaining agreement and transferred the charge to the Equal Employment Opportunity Commission ("EEOC"). The court previously denied Ford's motion to dismiss for failure to exhaust based on its conclusion that the four original plaintiffs in this case (Rogers, Demps, Spalding, and Franklin, none of whom filed their own administrative charge) were entitled to piggyback on Dunlap's IDHR/EEOC charge. (Dkt. 38.) In this federal lawsuit, the plaintiffs allege that Ford management personnel were aware of

the EEOC charge and that following the filing of the charge, the plaintiffs experienced retaliation and a hostile work environment, including the hanging of a noose at their work station.

2.      **2010 Bankruptcy Case**

On August 30, 2010, Dunlap – through attorney Scott Pyle of the UAW Legal Services Plan – filed a Chapter 13 bankruptcy case. *In re Dunlap*, No. 10-24049-jpk (N.D. Ind.). The "Statement of Financial Affairs" section of her bankruptcy petition required Dunlap to "list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." (Dkt. 93-1 at PageID # 372.) Dunlap did not disclose her IDHR/EEOC charge. On June 13, 2011, the bankruptcy court dismissed Dunlap's petition due to her failure to comply with the payment plan.

3.      **Dunlap's Involvement in This Case**

The original complaint named David Rogers, Russell Spalding, Mark Franklin and Althea Demps as plaintiffs. On December 13, 2013, the plaintiffs filed a motion seeking leave to file an amended complaint that, among other things, added Dunlap as a plaintiff. The court granted this motion and on December 19, 2012, an amended complaint was filed that included Dunlap as a plaintiff. The first amended complaint referred to Dunlap's EEOC Charge: "[Plaintiffs] participated in the filing of a charge with the EEOC as a class (Exhibit A [the EEOC charge]), with Plaintiff Dunlap as the class representative/charging party." (Dkt. 27 at ¶ 10.)

4.      **2013 Bankruptcy Case**

On October 18, 2013, Dunlap filed a Chapter 7 bankruptcy case, again through attorney Scott Pyle of the UAW Legal Services Plan. *In re Dunlap*, No. 13-23710-jpk (N.D. Ind.). In the "Statement of Financial Affairs," Dunlap listed two collection actions and an eviction action that

had been filed against her, as well as an arbitration that she had filed against H&R Block, but did not disclose that an amended complaint filed in this case on December 19, 2012, added her as a named plaintiff. In addition, "Schedule B – Personal Property" of Dunlap's Chapter 13 petition required disclosure of "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each." (Dkt. 93-3 at PageID #380.) Dunlap did not list her federal lawsuit against Ford in this section.

On February 3, 2014, the bankruptcy court entered an order discharging Dunlap from her debts. During discovery in this case, Ford became aware of Dunlap's bankruptcies. On July 7, 2014, Ford filed its original motion for judgment on the pleadings. On September 3, 2014, Dunlap filed an amended statement of financial affairs and Schedule B in her 2013 bankruptcy case, both of which disclosed her federal lawsuit against Ford, and asserted that the value of this case was "$0.00." (Dkt. 93-6 at PageID # 394.) On November 19, 2014, the bankruptcy trustee issued a final account stating that $53,290.14 in creditor claims were discharged without payment. On December 23, 2014, the bankruptcy court closed Dunlap's Chapter 7 case.

**B.      Spalding**

On April 30, 2010, Spalding filed a Chapter 7 bankruptcy case, through attorney Gregory K. Stern. *In re Spalding*, No. 10-19902 (N.D. Ill.). Spalding disclosed a contract action, a foreclosure action, and his divorce proceedings in the "Statement of Financial Affairs." He did not, however, disclose Dunlap's IDHR/EEOC charge against Ford. On September 8, 2010, the bankruptcy court entered an order discharging Spalding from his debts.

## III. ANALYSIS

Ford seeks judgment on the pleadings as to Dunlap and Spalding based on the doctrine of judicial estoppel. Specifically, Ford argues that Dunlap disclosed this case too late in her bankruptcy case and Spalding failed to disclose this case at all in his bankruptcy case, so neither plaintiff should be allowed to pursue their discrimination claims.

The doctrine of judicial estoppel generally turns on whether a party (1) took a clearly inconsistent position in the first of two judicial proceedings; (2) was successful in the first proceeding as a result of that position "'so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled'"; and (3) the opposing party would suffer an unfair detriment if the doctrine of judicial estoppel was not applied. *Walton v. Bayer Corp.*, 643 F.3d 994, 1002 (7th Cir. 2011) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)).

When a debtor files for bankruptcy without listing a potential claim and then files a federal lawsuit, the failure to disclose the claim "bars [her] from prosecuting the [subsequent federal] suit, for the claim belongs to the Trustee while the bankruptcy case is open." *Metrou v. M.A. Mortenson Co.*, — F.3d —, No. 14-8030, 2015 WL 1283849, at *1 (7th Cir. Mar. 23, 2015) (citing *Biesek v. Soo Line R.R.*, 440 F.3d 410 (7th Cir. 2006)). After the bankruptcy court discharges the debtor's debts, the "debtor is judicially estopped from litigating after the bankruptcy ends; having told the bankruptcy court implicitly that any tort claim had no value, and having received a discharge in response, the debtor is estopped from contending in a later suit that the claim is valuable." *Id.* (citing *Spaine v. Community Contacts, Inc.*, 756 F.3d 542 (7th Cir. 2014)).

These rules, however, are not absolute. An "innocent" omission "based on poor communication between bankruptcy counsel and tort counsel, or based on a belief that the tort claim will not be valuable . . . should not be punished." *Id*. at *2. Thus, a debtor who "stubbornly tries to cut out the creditors" loses her claim, but "a debtor who errs in good faith, and tries to set things right by surrendering the asset to the Trustee, remains entitled to any surplus after creditors have been paid, just as would have occurred had the claim been disclosed on the bankruptcy schedules." *Id*. at *3.

**A.     Dunlap**

Dunlap contends that she has minimal education and did not understand, when she signed pleadings in her bankruptcy cases, that she needed to disclose an administrative proceeding. She also stresses that Ford successfully moved to dismiss the IDHR charge for lack of jurisdiction and that when the charge was transferred to the EEOC, she believed that the matter was under investigation.[1] In addition, she states that she did not closely question her attorney about the administrative proceedings because she filed her IDHR charge more than a year prior to her first bankruptcy case, and the bankruptcy form asked for information about cases brought within one year prior to the filing of the bankruptcy petition. She asserts that once she knew she was supposed to disclose this case in her bankruptcy court filings (based on Ford's motion for judgment on the pleadings filed in the instant case on July 7, 2014), she amended her bankruptcy

---

[1] Dunlap's view is consistent with the Supreme Court's recent decision in *Mach Mining, LLC v. E.E.O.C.*, — S.Ct. —, No. 13-1019, 2015 WL 1913911, at *5 (Apr. 29, 2015), which states that the EEOC must "attempt conciliation of a discrimination charge" before a federal lawsuit may be filed.

schedule and still received a discharge.  Accordingly, she concludes that judicial estoppel should not bar her discrimination claim.

"Honest mistakes and oversights are not unheard of" so incomplete schedules cured by a disclosure that causes the trustee to decide to abandon a debtor's claim are not necessarily fatal. *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 548 (7th Cir. 2014); *see also Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1049 (8th Cir. 2006) ("Careless or inadvertent disclosures are not the equivalent of deliberate manipulation" so courts "should only apply the doctrine [of judicial estoppel] as an extraordinary remedy when a party's inconsistent behavior will result in a miscarriage of justice."). Thus, the doctrine of judicial estoppel does not apply to a debtor who omitted a claim from her bankruptcy schedules but corrected her filings before she received a discharge. *See Spaine*, 756 F.3d at 547.

Here, Dunlap received a discharge *before* she amended her filings, but her bankruptcy case was still open at the time she disclosed this case. The trustee and the bankruptcy court were thus put on notice of the existence of this case before the trustee issued a final account and the bankruptcy court closed Dunlap's bankruptcy case. It is true that Dunlap assessed this case's value as "$0.00" but the record does not explain the reason for this valuation. Fact questions prevent the court from deeming the late disclosure as abusive; the timing and nature of the disclosure, by themselves, fail to establish that Dunlap engaged in "deception and manipulation" of the bankruptcy court proceedings to gain a benefit in this subsequent employment litigation action. *See id*. at 548 (reversing district court's grant of summary judgment in favor of the defendant because the mere fact of non-disclosure of a lawsuit on a bankruptcy schedule did not establish, as a matter of law, that the debtor-plaintiff "filed incomplete schedules with the

subjective intent to conceal her lawsuit"); *Taylor v. Comcast Cablevision of Arkansas, Inc.,* 252 F. Supp. 2d 793, 796-97 (E.D. Ark. 2003) (denying summary judgment when an unsophisticated plaintiff did not consider the request for the EEOC to investigate and attempt to conciliate "as an administrative proceeding and did not believe he possessed a 'right to sue' until the EEOC had completed its investigation" and his bankruptcy attorney did not explain what an "administrative proceeding" was or advise the plaintiff that he was required to list his EEOC charge in his bankruptcy disclosures).

Moreover, the parties have not provided the court with authority suggesting that Dunlap is precluded from seeking to reopen her 2013 bankruptcy case. To the extent that Dunlap now realizes, in good faith (an issue which cannot be decided based on the present record), that her claim has potential value, she can and should go back to the bankruptcy court so the trustee can make an affirmative finding about whether to step into Dunlap's shoes and pursue this case. *See Murphy v. FT Travel Mgmt., LLC*, No. 13 C 4685, 2014 WL 1924045, at *3 (N.D. Ill. May 14, 2014).

This is because the bankruptcy estate, not Dunlap, owns pre-bankruptcy claims unless the trustee abandons those claims. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 449 (7th Cir. 2006). It is unclear if the trustee's decision not to pursue a claim that was incorrectly described as worthless demonstrates that the trustee abandoned that claim. *See Spaine*, 756 F.3d at 546 (reopening a bankruptcy case and then closing it again "after the trustee undoubtedly knew about the civil case" meant that the trustee abandoned pursuit of the civil case ). If Dunlap recovers in this case, she could potentially receive any remaining money after her creditors and the expenses associated with the bankruptcy proceedings were paid. *See Metrouv*, 2015 WL 1283849, at *2-3

(a debtor who tries to cut out her creditors loses her claim, but a debtor who makes an innocent mistake can potentially receive monies left after the creditors and expenses are paid).

It is true that a client is generally bound by the consequences of her lawyer's advice and Dunlap was represented by counsel in her 2013 bankruptcy case. *Cannon-Stokes*, 453 F.3d at 449. It nevertheless may be possible to "move[] to amend the disclosures and pay the creditors their due." *Id*. Thus, the fact that Dunlap filled out her disclosures with the assistance of counsel does not necessarily mean that Dunlap is forever bound by them.

In sum, fact questions about Dunlap's motivation in failing to disclose this case and then disclosing it as worthless prevent the court from finding, as a matter of law, that judicial estoppel bars Dunlap's present claims. Thus, Ford's motion for judgment on the pleadings as to Dunlap is denied. However, Dunlap does not own the claims raised in this case, as they existed when she filed her 2013 bankruptcy petition. Dunlap's counsel must provide the trustee in the 2013 case with a copy of this opinion and pursue all necessary steps with respect to her now-closed 2013 Chapter 7 bankruptcy case. *See Rainey v. United Parcel Service, Inc.*, 466 Fed. Appx. 542, 544 (7th Cir. 2012) (citing *Kane v. Nat''l Union Fire Ins. Co.*, 535 F.3d 380, 384-85 (5th Cir. 2008) ("Chapter 7 cases routinely are reopened to permit trustee to administer previously undisclosed assets")).

**B.     Spalding**

Spalding contends that he knew about the filing of the IDHR charge and its dismissal when he filed his bankruptcy petition, but at the time his Chapter 7 bankruptcy proceedings were pending, he did not know that the charge had been transferred to the EEOC. According to Spalding, by the time he realized that the charge had been transferred and thus survived the

IDHR's dismissal order, his bankruptcy case was over so he could not amend his bankruptcy schedule.

As with Dunlap, based on this record, the court cannot find, as a matter of law, that Spalding acted maliciously to defraud his creditors. This is a fact question that must be resolved based on a full record, including live testimony from Spalding. It appears that the bankruptcy court, not this court, is best positioned to evaluate whether Spalding acted maliciously when he did not disclose this action in his bankruptcy schedules. *See Metrouv*, 2015 WL 1283849, at *3 ("Whether [the debtor] tried to hide the claim in the bankruptcy is a question more appropriately addressed to the bankruptcy judge, who can decide (if the Trustee prevails in this tort suit) what disposition to make of any proceeds that remain after paying counsel and the creditors . . . . If it turns out that [the debtor] was trying to deceive his creditors, the bankruptcy judge may decide to give the creditors a bonus, or perhaps to return any excess to the defendants in this tort suit."). Thus, Ford's motion for judgment on the pleadings as to Spalding is denied.

As discussed above, however, the bankruptcy estate owns Spalding's claim, as it existed when he filed his bankruptcy petition. Thus, like Dunlap, Spalding should attempt to reopen his bankruptcy case or explain to this court why he cannot do so. His counsel must provide the trustee in his bankruptcy case with a copy of this opinion and pursue all necessary steps with respect to Spalding's now-closed bankruptcy case.

### IV.  CONCLUSION

Ford's motions for judgment on the pleadings as to Dunlap [92] and Spalding [90] are denied. Plaintiffs' counsel must provide the bankruptcy trustees in Dunlap and Spalding's closed bankruptcy cases with a copy of this opinion and file a proof of service on the docket.

The trustees are invited to file brief memoranda regarding the issues raised in this opinion by June 2, 2015. This matter is set for status on June 5, 2015 at 9:30 a.m. At that time, plaintiffs' counsel should be prepared to advise the court regarding the status of the proceedings in Dunlap and Spalding's respective bankruptcy cases.


Date:  May 4, 2015                                                      /s/
                                                                Joan B. Gottschall
                                                                United States District Judge