UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID ROGERS, ALTHEA DEMPS, RUSSELL SPALDING, MARK FRANKLIN, CARLINE DUNLAP,<br>    Plaintiffs,<br>  v.<br><br>FORD MOTOR COMPANY,<br>    Defendant. | Case No. 2012 CV 07220<br><br>Hon. Judge Gottschall |

**Trustee's Motion for Substitution**

Joseph A. Baldi, not individually, but solely as the trustee ("Trustee") of the estate ("Estate") of Russell R. Spalding, debtor ("Debtor"), by his attorneys, Joseph A. Baldi, Julia D. Loper and the law firm of Baldi Berg, Ltd., pursuant to Rule 17 of the Federal Rules of Civil Procedure ("FRCP"), moves for an order substituting the Trustee as the real party of interest. In support of his motion, Trustee states as follows:

**Introduction**

On August 28, 2008, Russell Spalding filed a charge of discrimination ("Claim") with the Illinois Department of Human Rights as a member of a small class of African-American employees. The case was dismissed for lack of jurisdiction and transferred to the Equal Employment Opportunity Commission. On April 30, 2010, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, case number 10-19902 ("Bankruptcy Case"). Subsequently, Debtor appeared and was examined by the Trustee at a meeting of creditors. Debtor did not include any information about the Claim in his schedules presented at the meeting, nor did he inform the Trustee of the Claim. Based on the information available to him at the time, the Trustee filed a No Asset Report on July 21, 2010. On September 8, 2010 the Debtor received his discharge. On September 13, 2010, the Bankruptcy Case was closed and Trustee was discharged.

Debtor and co-plaintiffs filed a complaint before this court on September 10, 2012 ("District Court Case"). Debtor seeks money damages and, in the discrimination action under Title VII, seeks reinstatement to his former position with Defendant.

During its discovery process, Defendant's counsel discovered the existence of Debtor's then-closed bankruptcy case and filed a Motion for Judgment on the Pleadings arguing a theory of judicial estoppel. On May 4, 2015, this court denied Defendant's motion, finding that judicial estoppel does not preclude prosecution by a trustee and that the Claim is property of the bankruptcy estate. On suggestion of the court, the Trustee filed a memorandum in support of his position as real party in interest.

At the direction of the U.S. Trustee's office and this court, the Trustee and the Debtor both filed motions to re-open the bankruptcy case. Trustee requested that he be reappointed to administer the potential assets of the case. On June 9, 2015, the Bankruptcy Case was reopened and on June 10, 2015, Joseph A. Baldi was reappointed as trustee.

Trustee has been granted authority by the bankruptcy court to employ John Moynihan as his special counsel to represent him in the District Court Case because Debtor's current counsel believes there would be a conflict of interest if she represented the Estate. Mr. Moynihan will file his appearance on behalf of the Trustee once the substitution is allowed.

**Trustee is the Real Party in Interest and Should be Substituted for the Debtor**

All of a debtor's pre-petition property, including legal claims, is part of the bankruptcy estate. 11 U.S.C. § 541(a). As this court has already determined, the Claim is property of the bankruptcy estate as a pre-petition claim that arose from actions by Defendant committed prior to the petition date. The Claim was not abandoned on the prior case closing because the Claim was not properly scheduled as an asset. Since the Claim was not properly scheduled, it was never abandoned and remains property of the estate and the Trustee has exclusive standing to assert the Claim.

2

As soon as Trustee was made aware of Debtor's Claim and the District Court Case, he moved promptly to reopen the bankruptcy case and request substitution as the real party in interest. Before a court may dismiss an action for failure to prosecute in the name of the real party in interest, reasonable time must be allowed for the real party in interest to be substituted into the action. FRCP 17(a)(3). The FRCP are clear in stating that after substitution occurs, the action proceeds as if it had originally commenced by the real party in interest. FRCP 17(a)(3). The Trustee should therefore be substituted for the Debtor in the present case.

### Relief Requested

WHEREFORE, Joseph A. Baldi, not individually, but solely as the trustee of the bankruptcy estate of Russell Spalding, Debtor, respectfully requests this Court for the entry of an order substituting the Trustee for the Debtor as the real party in interest and granting such other and further relief as this Court deems proper.

Dated: July 29, 2015

Respectfully submitted,

Joseph A. Baldi, trustee of the estate of Russell Spalding, Debtor

By: /s/ Joseph A. Baldi
      One of his attorneys

Joseph A. Baldi
Baldi Berg Ltd.
20 N. Clark Street, Suite 200
Chicago, Illinois 60602
(312) 726-8150

<u>CERTIFICATE OF SERVICE</u>

I, Joseph A. Baldi, an attorney, hereby certify that on June 29, 2015, I caused a true and correct copy of the foregoing Trustee's Motion for Substitution to be served on the persons listed below at the addresses listed below their names either through the Court's Electronic Filing System or by first class mail, postage prepaid as indicated on the attached service list.

/s/ Joseph A. Baldi

**Via CM/ECF Electronic Notice**

Demitrus T. Evans
The Evans International Law Firms, LLC
Devans@TEILfirms.com

Jocelyn A Villanueva
Berkowitz Oliver Williams Shaw & Eisenbrandt LLP
jvillanueva@berkowitzoliver.com

Emily Louise Hussey
Duane Morris, LLP
elhussey@duanemorris.com

Karen Kies DeGrand
Donohue, Brown, Mathewson & Smyth
karen.degrand@dbmslaw.com

Kathleen M. Nemechek
Berkowitz Oliver Williams Shaw & Eisenbrandt LLP
knemechek@berkowitzoliver.com

Mark Howard Boyle
Donohue, Brown, Mathewson & Smyth
mark.boyle@dbmslaw.com

Nicholas L. Divita
Berkowitz Oliver Williams Shaw & Eisenbrandt Llp
ndivita@berkowitzoliver.com

Zach T. Bowles
Donohue Brown Mathewson & Smyth LLC
bowles@dbmslaw.com

**Via First Class Mail**

John William Moynihan
Cooney Corso Varney & Moynihan LLC
4925 Indiana Avenue
Suite 101
Lisle, IL 60532

Russell R. Spalding
1606 Euclid Avenue
Chicago Heights, IL 60411

Gregory K Stern
Gregory K. Stern, P.C.
53 West Jackson Blvd.
Suite 1442
Chicago, IL 60604