**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID ROGERS, ET AL., | ) |
| Plaintiffs, | ) Case No. 2012 CV 07220 |
| v. | ) Judge Edmond E. Chang |
| FORD MOTOR COMPANY, | ) Magistrate Weisman |
| Defendants. | ) |

**DEFENDANT FORD MOTOR COMPANY'S PROPOSED JURY INSTRUCTION
<u>REGARDING THIRD-PARTY TESTIMONY</u>**

As requested during the jury instructions conference, Ford submits the following revised proposed jury instruction regarding third-party testimony. Ford maintains all objections and arguments previously filed and made with respect to the jury instructions and verdict form. Specifically, Ford maintains its objection to putting a separate line on the verdict form for future damages, which are unsupported by any evidence.

1

**Third-Party Testimony (New Instruction)**

You have heard testimony from Carline Dunlap and Althea Demps about alleged conduct that Plaintiff contends is similar to his complaints of discrimination and retaliation. You may not assume that if you conclude Plaintiff's supervisors engaged in that conduct toward these two individuals, they are more likely to have engaged in that conduct against Plaintiff. You may consider that testimony only for the limited purpose of deciding why Plaintiff's supervisors may have acted in particular ways.

**Ford's Argument In Support Of Modifications:**

Ford has revised its proposed instruction, as the Court requested at the jury instructions conference. Ford's proposed instruction explains the limited purpose for which this type of evidence may be admitted (*see* Fed. R. Evid. 404(b)), and reflects this Court's decision in *Young v. City of Harvey & Denard Eaves*, No. 15 C 11596, 2016 WL 4158952, at *3-4 (N.D. Ill. Aug. 4, 2016), where the Court explained that "evidence that supervisors discriminated or retaliated against other employees" may be relevant to the supervisors' "motive," but may not be admitted to show that "the defendant ha[s] once again acted in a certain way."

As discussed at the jury instructions conference, Ford respectfully submits that the Court should not give the first two sentences of Ford's proposed instruction without including a third sentence that is substantially similar to Ford's proposal.

Dated: January 18, 2020

                                            Respectfully submitted,

                                            **BERKOWITZ OLIVER LLP**

By: /s/ Kathleen M. Nemecheck
     Kathleen M. Nemecheck       ARDC #50139
     Jocelyn A. Villaneuva    *Admitted Pro Hac Vice*
     2600 Grand Boulevard, Suite 1200
     Kansas City, Missouri 64108
     Telephone:  (816) 561-7007
     Facsimile:   (816) 561-1888
     E-Mail:      knemecheck@berkowitzoliver.com
                        jvillanueva@berkowitzoliver.com

     Mark H. Boyle                 ARDC #6200934
     Karen Kies DeGrand        ARDC #6191140
     Curtiss Schreiber
     Donohue Brown Mathewson & Smyth LLC
     140 South Dearborn Street, Suite 800
     Chicago, Illinois 60603
     Telephone:  (312) 422-0900
     Facsimile:   (312) 422-0909
     E-Mail:      mark.boyle@dbmslaw.com
                        karen.degrand@dbmslaw.com

     Blaine H. Evanson     *Admitted Pro Hac Vice*
     Gibson, Dunn & Crutcher LLP
     3161 Michelson Drive
     Irvine, California 92612
     Telephone:  (949) 451-3805
     Facsimile:   (949) 475-4768
     E-Mail:      bevanson@gibsondunn.com

     ***Attorneys for Defendant Ford Motor Company***

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 18, 2020 the foregoing was filed with the Court using the ECF system, which provided electronic service to the following:

David Porter
Law Office of David Porter
33 N. LaSalle Street
Suite 2000
Chicago, IL 60602
Telephone: (312) 236-1207
E-Mail: dporterlaw@ameritech.net

Karen J. Doran
Karen J. Doran, Attorney at Law, LLC
2100 Manchester Road, Suite 1620
Wheaton, Illinois 60187
Telephone: (630) 384-9367
E-Mail: karen@karendoranlaw.com

*Attorneys for Plaintiff David Rogers*

                                              /s/ Kathleen M. Nemechek
                                              ***Attorney for Defendant Ford Motor Company***